```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/20/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DAWN CHERISE LANE,                                                      :
                                                                        :
                              Plaintiff,                    :       16-CV-1817 (JMF)
                                                                        :
            -v-                                                       :      MEMORANDUM OPINION
                                                                        :           AND ORDER
MONTEFIORE WAKEFIELD, et al.,                                           :
                                                                        :
                              Defendants.                   :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Dawn Cherise Lane, a registered nurse, sues Montefiore Wakefield ("Montefiore"), the hospital where she formerly worked, and 1199 SEIU Healthcare Workers Labor Union (the "Union"), the collective bargaining agent of registered nurses at Montefiore. Lane commenced the action in New York Supreme Court by filing both a Complaint and a Verified Petition in furtherance of a preliminary injunction. (Docket No. 1 ¶ 1; *see id.*, Ex. 1, at 3-8 ("Compl."); *id.*, at 14-17 ("Ver. Pet.")).[1] Lane alleges therein that she worked as a registered nurse at Montefiore from 2003 to 2016, and was a dues-paying member of the Union throughout that period. (Compl. ¶¶ 1-4, 24; Ver. Pet. ¶¶ 8-9). Lane alleges that, despite requesting payment, she was not paid by Montefiore for all vacation days, personal days, and sick days. (Compl.

---

[1] The Union removed the case to this Court on March 10, 2016. (Docket No. 1). Although Lane requests that "the action be remanded, *sua sponte*" (Docket No. 16 ("Pl.'s Opp'n")), she provides no basis for that request. In addition to the Union's proffered basis for removal — that Plaintiff's state law claims are actually governed by, and arise under, federal labor relations law (Docket No. 1 ¶ 6) — this Court has both diversity jurisdiction (as Lane herself concedes (Pl.'s Opp'n 8) and federal-question jurisdiction (in light of Lane's FLSA claim). Unlike the Union, Montefiore has not appeared in this Court; Lane, however, has neither filed proof that she served Montefiore nor moved for entry of default judgment.

¶ 14). In particular, Lane claims she was not paid for those days when she "took a leave to work for Montefiore school of education from January through March 2014." (*Id.* ¶ 21). She also alleges that, in December 2015, she was told that she would be fired if she did not apply for a *per diem* position. (Compl. ¶ 28; Ver. Pet. ¶ 1). She "seeks damages of fifty two thousand five hundred dollars ($75,000.00) [sic] under the New York Wage Theft Prevention Act" (presumably N.Y. Labor Law § 198), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and "for wrongful dismissal and/or constructive dismissal." (Compl. ¶ 20; *id.* at 8).

The Union now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims against it. (Docket No. 7). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires a court to determine whether the facts alleged are sufficient to show that the plaintiff has a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Applying those standards here, Lane's claims against the Union plainly fail.  Lane's submissions are, to put it mildly, both confused and confusing.  In her memorandum of law in opposition to the Union's motion to dismiss, for example, she repeatedly invokes the standards applicable to summary judgment and insists that there are "material issues of fact."  (Pl.'s Opp'n 9-12).  Additionally, in her memorandum she alleges that she is African-American and references the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, but she never filed a charge against the Union under either law, does not reference her race or either the NYSHRL or Title VII in her Complaint, and says nothing about when and in what manner she was discriminated against (on the basis of race or any other protected characteristic).  Whatever the reason, Lane's complaint provides no basis whatsoever — and certainly nothing approaching a plausible basis — to bring any claims against the Union.  Among other things, Lane fails to allege (or, for that matter, even argue) that she was an employee of the Union — such that the Union (rather than Montefiore) could owe her obligations or damages under New York Labor Law § 198 or the FLSA — and fails to allege that the Union (rather than Montefiore) fired her.  (*Cf.* Pl.'s Opp'n 8 n.1 (stating that "Defendant Montefiore . . . constructively dismissed Plaintiff and . . . . violated the New York Wage Theft Prevention Act and the United States Fair Labor Standard [sic] Act . . . .").  In other words, to the extent that Lane alleges any cognizable claims at all, those claims appear to relate only to Montefiore — the defendant against which Lane has failed (by all appearances, at least) to prosecute this action.  In short, the Complaint fails to even remotely state a valid claim against the Union.

Even if the Court were to construe Lane's Complaint (very) liberally (something the Court is under no obligation to do given that Lane is represented by counsel) the only possible

claim that Lane could be bringing against the Union fails.  That cause of action is a so-called "hybrid" claim, arising from Section 301 of Labor Management Relations Act and a union's duty of fair representation, "in which an employee alleges that an employer has breached a [collective bargaining agreement ('CBA'] and that a union has breached its duty of fair representation by failing to enforce the CBA."  *Bejjani v. Manhattan Sheraton Corp.*, No. 12 CIV. 6618 JPO, 2013 WL 3237845, at *8 (S.D.N.Y. June 27, 2013), *aff'd*, 567 F. App'x 60 (2d Cir. 2014).  To prevail on such a claim, however, a plaintiff "must demonstrate both (1) that an employer breached its collective bargaining agreement and (2) that a union breached its duty of fair representation." *Domnister v. Exclusive Ambulette, Inc.*, 607 F.3d 84, 87 (2d Cir. 2010) (alterations omitted); *see also Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000).  Here, even if Lane could demonstrate a breach by Montefiore — a questionable proposition in itself — she comes nowhere close to alleging facts that would satisfy her heavy burden of showing that the Union's actions (or inactions) were "arbitrary, discriminatory, or in bad faith." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal quotation marks omitted); *see, e.g.*, *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (discussing the standard); *see also, e.g.*, *Bynog v. SL Green Realty Corp.*, No. 05-CV-0305 (WHP), 2007 WL 831740, at *10 (S.D.N.Y. Mar. 20, 2007) ("The standard for stating a claim for breach of a union's duty of fair representation is high."); *Acosta v. Potter*, 410 F. Supp. 2d 298, 311 (S.D.N.Y. 2006) (Mukasey, C.J.) ("The Supreme Court's test for arbitrariness — which requires that a union behave irrationally — is difficult to meet.").  In fact, Lane's only allegations that even arguably implicate the Union are that "Plaintiff asked Defendants for payment" and that "Defendants failed to pay Plaintiff."  (Compl. ¶¶ 12-13).  That does not come close to plausibly alleging that the Union breached its duty of fair representation.

In her memorandum of law, Lane states for the first time that she "exhaustively asked [the Union] to represent her interests against [Montefiore]." (Pl.'s Opp'n 9). But to the extent Lane wanted "to allege new or different facts, the proper means of doing so [was] in a motion to amend [her] complaint under Federal Rule of Civil Procedure 15(a), not in [her] brief." *Peabody v. Weider Publ'ns, Inc.*, 260 F. App'x 380, 384 (2d Cir. 2008). Here, the Court expressly granted Lane leave to amend her complaint in response to the Union's motion to dismiss, but she declined to do so. (Docket No. 13). Regardless, even if Lane *had* amended her Complaint to allege that the Union did not pursue her grievance, it would still fall far short of alleging a plausible claim for breach of the duty of fair representation. *See, e.g.*, *Bejjani*, 2013 WL 3237845, at *11 ("Although the Second Circuit has recognized that a union may breach its duty when it fails to process a meritorious grievance in a timely fashion with the consequence that arbitration on the merits is precluded, courts typically require evidence of prejudice, non-compliance with time limits set forth in a CBA, egregious departure from standard union practice, or other evidence of bad faith before basing a DFR violation on too-slow grievance of a claim." (citation and internal quotation marks omitted)); *see also id.* at *12 ("Indeed, even if the Union *never* grieved Plaintiffs' claim, it is not clear that Plaintiffs could prove a DFR violation. A union enjoys 'broad discretion . . . .'" (quoting *Jones v. Trans World Airlines, Inc.*, 495 F.2d 790, 798 (2d Cir. 1974)).

Accordingly, Lane's claims against the Union must be and are dismissed. Nor will the Court, on its own initiative, allow Lane to replead those claims. The Second Circuit has held that a Rule 15(a) motion — which Plaintiff has not even made — "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404

F.3d 566, 603 (2d Cir. 2005) (internal quotation marks omitted); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("leav[ing] unaltered" prior case law on denial of leave to amend, including the rule that "leave may be denied where amendment would be futile"). At the same time, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011). Applying those principles here, the Court concludes that leave to amend is not warranted because further amendment would be futile. Among other things, Plaintiff fails to give "any indication that [she] is in possession of facts that would cure the problems identified in this opinion." *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014). Just the opposite, in fact. As noted, even considering the additional facts that Lane includes in her memorandum of law, her claims against the Union would still fail.

For the reasons given above, the Union's motion to dismiss is GRANTED and Lane's claims against the Union are dismissed with prejudice. Lane's claims against Montefiore technically remain, but there is no indication on the docket that she ever served the Complaint on Montefiore. *See* Fed. R. Civ. P. 4(*l*)(1) ("[P]roof of service must be made to the court."); *cf.* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed . . . all defendants *who have been properly joined and served* must join in or consent to the removal of the action." (emphasis added)). Accordingly, it is hereby ORDERED that Lane shall communicate with the Court, in writing, as to why she has failed to serve the summons and Complaint on Montefiore within the 90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure or, if she believes that Montefiore was served, when and in what manner such service was made. If the Court does not receive any communication from Plaintiff by **October 5, 2016**, showing good cause why such service was not made within the 90 days, the Court will dismiss the case for failure to prosecute

6

without further notice.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  The Clerk of Court is directed to terminate Docket No. 7 and to terminate the Union as a party.

     SO ORDERED.

Date:  September 20, 2016  
       New York, New York

                                        JESSE M. FURMAN  
                                        United States District Judge